09-0228-ag
Chen v. Holder

BIA
Lamb, IJ
A095 710 129

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of April, two thousand ten.

PRESENT:
JOSEPH M. McLAUGHLIN,
ROBERT A. KATZMANN,
RICHARD C. WESLEY,
       *Circuit Judges.*

_____

CHUA HUA CHEN, ALSO KNOWN AS CUI HUA
CHEN, ALSO KNOWN AS KA MAN YIU,
       *Petitioner,*

             v.                                    09-0228-ag
                                                   NAC
ERIC H. HOLDER, JR.,* UNITED STATES
ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONER:        Norman Kwai Wing Wong, New York, N.Y.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:            Tony West, Assistant Attorney
                           General, Terri J. Scadron, Assistant
                           Director, Surell Brady, Trial
                           Attorney, Office of Immigration
                           Litigation, Civil Division, United
                           States Department of Justice,
                           Washington, DC


UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chua Hua Chen, a native and citizen of China, seeks review of a May 8, 2008, order of the BIA denying her motion to remand and affirming the June 26, 2007, decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chua Hua Chen*, No. A095 710 129 (B.I.A. May 8, 2008), *aff'g* No. A095 710 129 (Immig. Ct. N.Y. City June 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See*

2

8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The record supports the agency's determination that Chen failed to establish eligibility for asylum or withholding of removal. Contrary to Chen's argument that she suffered past persecution, the agency reasonably determined that the treatment she received for printing Falun Gong booklets failed to rise to that level. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006); *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005) (finding that "persecution is an extreme concept that does not include every sort of treatment our society regards as offensive")(alteration and internal quotation marks omitted). With respect to her fear of future persecution, the BIA reasonably found that even assuming government officials in China sought to arrest her, she failed to demonstrate that any harm would rise to the level of persecution, given that she was not a Falun Gong practitioner and had not been harmed in the past. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (finding that a fear is not objectively reasonable if it lacks "solid

3

support" in the record and is merely "speculative at best"). Accordingly, the agency did not err in denying Chen's application for asylum and withholding of removal.

Chen further challenges the agency's denial of her application for CAT relief, arguing that the background evidence in the record demonstrates that it is more likely than not that she will be tortured by Chinese government officials on account of her illegal departure. We find no merit to that argument. As we have held, an applicant cannot demonstrate that she is more likely than not to be tortured "based solely on the fact that she is part of the large class of persons who have illegally departed China" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005)(emphasis omitted).

Finally, we conclude that the BIA did not abuse its discretion in denying Chen's motion to remand. *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 151 (2d Cir. 2005). The BIA reasonably determined that Chen failed to demonstrate eligibility for relief based on her fear that she would be sterilized for violating China's family planning policy by giving birth to more than one child. *See*

4

*Jian Hui Shao v. Mukasey*, 546 F.3d 138, 158-73 (2d Cir. 2008) (upholding the BIA's decisions in *Matter of J-H-S-,* 24 I & N Dec. 196 (BIA 2007); *Matter of J-W-S-,* 24 I & N Dec. 185 (BIA 2007); *Matter of S-Y-G-*, 24 I & N Dec. 247 (BIA 2007)).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5